EVERETT LEEDY v. THE STATE.

No. 12909. Delivered October 23, 1929.
Reported in 21 S. W. (2d) 679.

The opinion states the case.

*Harry Myers* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, four years in the penitentiary.

On Christmas Day, 1927, Mr. and Mrs. Harry Atwood, Mr. and Mrs. Johnnie Green and the deceased, Paul Pugh, left Ranger in the afternoon and went to a nearby village for dinner. About dark they started home and were accosted by two men, one tall and the other short, the tall man being identified as the appellant. One of the men knocked on the windowpane of their car and offered to sell them some whiskey. A quarrel ensued between Reeves and the "short man," ending in the "short man" telling him that he would show him "what kind of a G— d— chump you all are." The deceased stepped from the car and was struck by the "short man" with what appeared to the witnesses to be a lug wrench. His neck was broken and he apparently died immediately. Harry Atwood thereupon left the car and he in turn was attacked by appellant and knocked unconscious, the instrument used being apparently similar to that used by his companion. Mrs. Atwood's purse was snatched away from her by the "short man" and both the men went "through the car" and then fled. Some of the automobile accessories were missing. Appellant was immediately present during all this time and appeared to act in concert with the "short man."

It is strenuously insisted that the evidence was insufficient, especially since the controversy was between appellant's companion and the other parties, in which appellant apparently took no part. We do not agree with this contention. In our opinion the facts and circumstances are sufficient to support the conclusion that appellant and his companion accosted the automobile party with the view and purpose of robbing them, that they acted together with a common design and intent, and that the results which followed were the probable consequences of their intended unlawful act. The rule has been stated as follows:

"When persons combine to do an unlawful thing, if the act of one proceeding according to the common plan, terminates in a criminal result, though not the criminal result meant, all are liable." 1 Bishop's Criminal Law (7th Ed.), Sec. 636.

The principles announced in the case of Kirby v. State, 23 Tex. Crim. App. 13, apparently apply to and rule the instant case. From this we quote:

"Thus it will be seen that, to render a party equally guilty and responsible with the real perpetrator, all that is required is that he be present, consenting, and that the act was the result of a common design. It is true his bare presence is not sufficient, nor is his failure to give alarm; neither is his inactive and supposed concealment of the offense. But the significant facts as his presence in connection with his companionship, his conduct at, before and after the commission of the act, are potent circumstances from which participancy may be inferred. The true test is, did the parties act together, and was the act done in pursuance of a common design and purpose in which their minds had agreed?"

For other cases in point see: Mercersmith v. State, 8 Tex. Crim. App. 211; Bowers v. State, 24 Tex. Crim. App. 542; Mitchell v. State, 36 Tex. Crim. App. 311; Isaacs v. State, 36 Tex. Crim. Rep. 505; Henry v. State, 54 S. W. 592; Martinez v. State, 171 S. W. 1153.

Giving application to the rule recognized in these cases, we have no difficulty in reaching the conclusion that the jury in this case was fully warranted in finding the appellant guilty under the evidence and charge of the court and that a kind hearted jury has returned a light penalty under facts which fully justified a very severe one.

No bills of exception appear in the record and believing the evidence sufficient, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.