### FREDDIE M. BROUSSARD V. STATE.

No. 31,036. November 11, 1959.
Motion for Rehearing Overruled January 13, 1960.

*Aubrey Holmes* and *J. P. Madole, Jr.*, Pasadena, for appellant.

*Dan Walton*, District Attorney, *Thomas D. White, Alex Guevara, Jr.*, Assistans District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, seven years.

The state's evidence reveals that appellant's automobile was used in three robberies on the night in question, the last one of which culminated in the death of the victim of the robbery, and that appellant was present in the automobile during the entire time. One Allen O'Neal carried the gun and fired the fatal shot. The appellant challenges the sufficiency of the evidence to show that he was a principal to the murder. The state relied upon the following evidence:

Jessie Bartee testified that as the parties were drinking, O'Neal asked one Ellis, "How would you like to have $500 in your pocket tonight?", and when Ellis declined he turned to the appellant and said, "Man, is you for it?", that appellant replied in the affirmative, and that thereafter O'Neal and four others left with appellant in the appellant's automobile.

Henry Lee Giles testified that he was with appellant, O'Neal, and the others on the night in question while they were drinking, and when the six were preparing to leave in appellant's automobile he called the appellant aside, advised him against "going

on the robbery," and assured him he would get in trouble, but that appellant left with the others anyway, saying that he would "ditch" the others and return for the witness.

Ellis testified that O'Neal asked him in the presence of appellant if he wanted to go on the foray, but that he declined because he was already on probation; that O'Neal said "I am going to get me $500 if I have to kill the mother f_____" and that he advised appellant not to go. On cross-examination he stated that he did not know whether or not the appellant heard O'Neal's statement.

Clyde Thomas, a principal to the robberies and the murder, testifying for the state, said that he, appellant, O'Neal, and three others agreed among themselves that they would ride around and see if they could find someone to rob, that some would remain in the automobile in reserve and would come to the assistance of those actually committing the robberies if needed, that he drove appellant's automobile because appellant was intoxicated, that he would stop near the victim, and O'Neal and some of the others would jump out, rob the victim and return to the automobile. He stated that appellant did not leave the automobile during any of the three robberies but did get out once to fix the muffler and that on one occasion, after the first two robberies and prior to the murder, the entire group except appellant went into a club, leaving appellant alone outside in his automobile and that appellant waited for them even though he had asked O'Neal several times to let him go home.

Police were within hearing distance of the shooting and pursued appellant's automobile. Some of the robbers made their get-away, but appellant was arrested near the scene.

Appellant did not testify or offer any evidence in his own behalf.

We find the evidence sufficient to support the finding that appellant was a principal to the murder which occurred during the course of the third robbery. See Kirby v. State, 23 Texas App. 13, 5 S.W. 161, and Leedy v. State, 114 Texas Cr. Rep. 158, 21 S.W. 2d 679, and cases there cited.

The judgment is affirmed.